**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 95-20386**
**Summary Calendar**
_____


**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**WAJEH KHALAF,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(CR-M-95-306-1)**
_____

(June 23, 1995)

Before JONES, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This appeal concerns petitioner's motion for release from incarceration pending trial. Petitioner is charged with violations of interstate transportation of stolen property, the receipt of stolen property having been transported in interstate commerce, and credit card fraud in connection with a travel agency scheme.

18 U.S.C. § 3142(f)(2) requires a hearing for the

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

determination:

> whether any condition or combination of conditions . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . in a case that involves - - (A) a serious risk that the person will flee; or (B) a serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate . . . a prospective witness.

An order of detention premised on a serious risk of flight must be supported by the preponderance of the evidence. United States v. Fortna, 769 F.2d 243, 250 (5th Cir. 1985). An order of detention premised on the danger to others due to the accused's threats or attempts to threaten or intimidate potential witnesses must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f).

After affording petitioner an evidentiary hearing, the magistrate judge denied his request for release finding him to be both a flight risk and a threat to prospective witnesses. The district court, after a *de novo* review, adopted the findings of the magistrate and affirmed the denial of the motion for release. We review a lower court's conclusions for abuse of discretion. United States v. Rueben, 974 F.2d 580, 586 (5th Cir. 1992) cert. denied, 113 S. Ct. 1336 (1993).

Our review of the record reveals sufficient evidence to support the denial of petitioner's motion. Accordingly, we find no abuse of discretion. **AFFIRMED.**

2